UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>600/44 pound poly mesh bags, more or less, of an article of food, labeled in part:<br><br>(bag)<br><br>"*** SUPER GRADE JASMINE WHITE SCENTED RICE *** BODHI ELEPHANT NET WT. 44 LBS PRODUCT OF THAILAND ***"<br><br>and<br><br>all other articles of food (except eggs, chicken, meat, and pork) in various sizes and types of containers (excluding sealed metal and glass containers), that are located anywhere on the premises of Won Feng Trading Inc., 2728 Eugenia Avenue, Nashville, Tennessee, to which are affixed labels and labels bearing, among other things, the name and address of the manufacturer, packer, or distributor located outside the State of Tennessee or which are otherwise determined to have originated outside the State of Tennessee,<br><br>    Defendant. | CIVIL ACTION NO. 3:09-cv-1197<br>JUDGE<br>Magistrate Judge Griffin<br><br>**MODIFIED CONSENT DECREE OF CONDEMNATION AND PERMANENT INJUNCTION** |

## MODIFIED CONSENT DECREE OF CONDEMNATION AND PERMANENT INJUNCTION

On December 18, 2009, the United States of America ("Plaintiff"), by and through its attorney, filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") against the articles described above (hereinafter "Defendant Property"). The Defendant Property proceeded against is articles of food within the meaning of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 321(f). The Complaint alleges that the Defendant Property is adulterated while held for sale after shipment in interstate commerce, within the meaning of 21 U.S.C. § 342(a)(4), in that it has been held under insanitary conditions whereby it may have become contaminated with filth.

In response to the Complaint, on December 18, 2009, this Court issued a Warrant for Arrest *In Rem* directing the United States Marshal for this district to seize the Defendant Property. The United States Marshal executed the seizure on January 6, 2010.

Thereafter, the United States caused notice of the Complaint and seizure to be published in accordance with the applicable rules of this Court and Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims of the Federal Rules of Civil Procedure, by publishing on www.forfeiture.gov beginning January 11, 2010.

On January 14, 2010, Zheng Tian Gui, owner of Won Feng Trading, Inc., ("Won Feng"), filed a Verified Claim as to all of the Defendant Property on behalf of Won Feng ("Claimant"). Claimant affirms that Won Feng is the sole owner of the Defendant Property, and that no other person has an interest in the Defendant Property. No other party has filed a claim to the Defendant Property. Claimant further affirms that he shall indemnify and hold the United States harmless should any party or parties hereafter file or seek to file a claim or to intervene in this

action and obtain any part of the Defendant Property. Claimant's owner/president, Zheng Tian Gui, and its general manager, Mr. Xin Zheng (hereinafter, collectively, "Principals") and Claimant, having appeared and voluntarily consented to the entry of this Decree without contest, before any testimony has been taken, and waiving the filing and service of an amended complaint seeking injunctive relief, and the United States having consented to this Decree:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 21 U.S.C. §§ 332 and 334, and personal jurisdiction over all parties to this action. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(e) and 1395.

2. The Defendant Property is articles of food that are adulterated while held for sale after shipment in interstate commerce, within the meaning of 21 U.S.C. § 342(a)(4), in that they have been held under insanitary conditions whereby it may have become contaminated with filth.

3. The Defendant Property is, therefore, condemned pursuant to 21 U.S.C. § 334(a) and forfeited to the United States.

4. Pursuant to 21 U.S.C. § 334(e), Claimant shall pay to the United States all court "costs and fees, and storage and other proper expenses" of this proceeding incurred to date, including, but not limited to, those incurred by the United States Marshals Service, and such additional expenses as may hereinafter be incurred and taxed. Claimant shall pay these costs within ten (10) days after receiving notice of such costs from the FDA, the United States Marshals Service, or the United States Attorney for the Middle District of Tennessee.

5. Within twenty (20) calendar days of the entry of this Decree, Claimant shall execute

3

and file with the Clerk of this Court a good and sufficient bond, in the form of an irrevocable standby letter of credit, in the amount of two hundred and thirteen thousand dollars ($213,000.00) to be applied to Lot A (as described in subpart A of paragraph 8) and held for application to succeeding Lot B-D (as described in subparts B-D of paragraph 8) in a form acceptable to the Clerk of this Court and payable to the United States of America, and conditioned on Claimant's abiding by and performing all of the terms and conditions of this Decree and of such further orders and decrees as may be entered in this proceeding. Said irrevocable standby letter of credit shall be obtained from a trust company or a commercial bank in good standing, shall be valid for at least ninety (90) days from the date this Decree is entered, and may be drawn upon by the presentation of a sight draft.

6. After paying the costs pursuant to paragraph 4 and filing the bond in the form of an irrevocable standby letter of credit with the Clerk of this Court pursuant to paragraph 5, Claimant shall give written notice to FDA that Claimant, at its own expense, is prepared to attempt to bring the Defendant Property into compliance with the law under the supervision of a duly authorized FDA representative at the rates set forth in paragraph 18.

7. Claimant shall not commence, permit any other person to commence, or cause any other person to commence attempting to bring the Defendant Property into compliance with the law unless and until Claimant: (a) submits a written statement to FDA detailing Claimant's proposed plan to bring the Defendant Property into compliance (the "Reconditioning Plan"); (b) receives written approval of the Reconditioning Plan from FDA; and (c) receives written authorization from FDA to commence attempting to bring the Defendant Property into compliance with the law under the supervision of FDA. Claimant shall submit its

4

Reconditioning Plan to FDA within fifteen (15) calendar days of filing its bond in the form of an irrevocable standby letter of credit pursuant to paragraph 5.

8. The United States Marshal for this District, upon receiving notice from the United States Attorney for this District that Claimant is authorized to commence reconditioning, shall release the appropriate Lot of Defendant Property (as described in subparts A-D of this paragraph) from his custody to the custody of Claimant for the sole purpose of attempting to bring such articles into compliance with the law pursuant to the Reconditioning Plan described in paragraph 7. The schedule for release of the Defendant Property is as follows:

A. The Articles in Lot A, consisting of approximately 1/4 of the Defendant Property (by value), to be further designated by the FDA representative, stored at the facility located at 2728 Eugenia Avenue, Nashville, Tennessee, ("Eugenia Avenue facility") shall be released to Claimant for the purpose of attempting to bring Lot A into compliance with the law.

B. If and only if Claimant complies with all of the terms of this Decree with respect to Lot A, and Lot A has been released, in its entirety, to Claimant in writing by FDA pursuant to paragraph 12(B), the Defendant Property in Lot B, consisting of approximately a second 1/4 of the Defendant Property (by value), to be further designated by the FDA representative, at the Eugenia Avenue facility, shall be released to Claimant for the purpose of attempting to bring Lot B into compliance with the law.

C. If and only if Claimant complies with all of the terms of this Decree with respect to Lots A-B, and Lots A-B have been released, in their entirety, to Claimant in writing by FDA pursuant to paragraph 12(B), the Defendant Property in Lot C, consisting of approximately a third 1/4 of the Defendant Property (by value), to be further designated by the FDA

representative, at the Eugenia Avenue facility, shall be released to Claimant for the purpose of attempting to bring Lot C into compliance with the law.

        D.      If and only if Claimant complies with all of the terms of this Decree with respect to Lots A-C, and Lots A-C have been released, in their entirety, to Claimant in writing by FDA pursuant to paragraph 12(B), the Defendant Property in Lot D, consisting of the remaining Defendant Property, approximately a fourth 1/4 of the Defendant Property (by value), to be further designated by the FDA representative, at the Eugenia Avenue facility, shall be released to Claimant for the purpose of attempting to bring Lot D into compliance with the law.

    9.    Claimant shall at all times, until the Defendant Property has been reconditioned or destroyed pursuant to the conditions of this Decree, retain each Lot of the Defendant Property intact for examination or inspection by an FDA representative in a place made known to and approved by FDA, and shall maintain the records or other proof necessary to establish the identity of the Defendant Property comprising each Lot to the satisfaction of the FDA representative.

    10.    Within forty-five (45) calendar days of receiving written authorization to commence attempting to bring the Defendant Property into compliance with the law pursuant to paragraph 7(c), Claimant shall complete its attempt in accordance with the Reconditioning Plan approved pursuant to paragraph 7(b) under the supervision of FDA. Claimant shall destroy, at its own expense and under the direct supervision of FDA, all Defendant Property that has not been brought into compliance within sixty (60) calendar days of receiving written authority to commence implementing the Reconditioning Plan, and shall file a notice with the Court certifying that such Defendant Property has been destroyed.

6

11. If Claimant will not be able to complete the process of attempting to bring the Defendant Property into compliance with the law prior to the expiration of the original irrevocable standby letter of credit, or any subsequent irrevocable standby letter of credit, it shall be the Claimant's responsibility to file with the Clerk of this Court a new irrevocable standby letter of credit, valid for at least an additional ninety (90) days, no later than fourteen (14) days before the expiration of the previous irrevocable standby letter of credit, and to provide written notice of the posting of such new letter of credit to both FDA, at the address provided in paragraph 31, and the United States Attorney's Office at the address provided in paragraph 32. If, fourteen days before the expiration of the original irrevocable standby letter of credit, or any subsequent irrevocable standby letter of credit, Claimant has not completed the process of bringing the Defendant Property into compliance with the law and Claimant has not filed a new irrevocable standby letter of credit with the Clerk of this Court, the existing irrevocable standby letter of credit shall be immediately payable to the United States of America prior to expiration of such irrevocable standby letter of credit.

12. Claimant shall at no time, and under no circumstances whatsoever, directly or indirectly, cause or permit the shipment, sale, offer for sale, or other disposal of any part of the Defendant Property until:

A. FDA has had free access to the Defendant Property in order to take any samples or make any tests or examinations that are deemed necessary; and

B. FDA has released, in writing, the Defendant Property for shipment, sale, or other disposition.

13. Claimant shall not sell, ship, destroy, or dispose of, or permit or cause another

7

person to sell, ship, destroy, or dispose of, the Defendant Property or any part of it in a manner contrary to the provisions of the Act, or other laws of the United States, or of any State or Territory (as defined in the Act), in which they are disposed of or sold.

14. If Claimant breaches any condition of this Decree, or any subsequent decree or order in this proceeding, Claimant shall immediately return any of the Defendant Property that have not been released by FDA pursuant to paragraph 12 to the United States Marshal for this District, or otherwise dispose of them at its own expense pursuant to further order of this Court. In the event that return of any of the Defendant Property becomes necessary pursuant to this paragraph, Claimant shall be responsible for all costs of storage and disposition that are incurred by the United States.

15. If Claimant does not avail itself, in the manner stated in this Decree, of the opportunity to: (1) post a good and sufficient bond in the form of an irrevocable standby letter of credit within twenty (20) days of the entry of this Decree pursuant to paragraph 5 of this Decree; (2) submit a Reconditioning Plan of the Defendant Property to FDA within fifteen (15) days of filing the irrevocable standby letter of credit pursuant to paragraph 7 of this Decree; or (3) successfully recondition or destroy the Defendant Property within sixty (60) days of receiving written authorization from FDA to begin attempting to bring the Defendant Property into compliance with the law pursuant to paragraph 10 of this Decree, the United States Marshal for this District shall destroy such Defendant Property and make due return to this Court regarding its disposition. Claimant shall bear the costs of storage and destruction that are incurred by the United States pursuant to this paragraph, and shall pay such costs within ten (10) calendar days of receiving an invoice from FDA, the United States Marshals Service, or the United States Attorney for the Middle District of Tennessee.

8

Case 3:09-cv-01197   Document 13   Filed 01/29/2010   Page 8 of 20

Case 3:09-cv-01197   Document 14   Filed 02/03/10   Page 8 of 20 PageID #: 142

16. Should Claimant fail to abide by and perform all the terms and conditions of paragraphs 6-15 or any such further order or decree as may be entered in this proceeding relating to attempts to bring the Defendant Property into compliance with the law, then the bond in the form of an irrevocable standby letter of credit described in paragraph 5 shall, on motion of the United States in this proceeding, be forfeited in its entirety to the United States and judgment entered thereon, and any Defendant Property remaining in the custody of the United States Marshal shall be forfeited and disposed of pursuant to further order of this Court.

17. The United States Attorney for this District, upon being advised by an FDA representative that all of the Defendant Property has been brought into compliance with the Act and the requirements of this Decree, or destroyed in compliance with this Decree, and that Claimant has paid all costs as of that date, shall inform the Clerk of this Court, whereupon the good and sufficient bond in the form of an irrevocable standby letter of credit given in this proceeding shall be returned to the Claimant.

18. Claimant shall reimburse the United States for the costs of monitoring the reconditioning or destruction of the Defendant Property, and for costs associated with any inspections, examinations, reviews, evaluations, and analyses conducted pursuant to this Decree, at the standard rates prevailing at the time the activities are accomplished. As of the date this Decree is signed by the parties, the rates are $87.57 per hour or fraction thereof per representative for time spent on supervision other than laboratory and analytical work; $104.96 per hour or fraction thereof per representative for laboratory and analytical work; and 50 cents per mile for travel expenses. (Exhibit 1: Memo). In the event that the standard rates generally applicable to FDA's supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of this Court.

9

19. Upon entry of this Decree, Claimant, Principals and All Others (All Others defined as each and all of Won Feng's officers, directors, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them including individuals, directors, corporations, subsidiaries, affiliates, and partnerships who receive actual notice), are hereby restrained and enjoined under 21 U.S.C. § 332(a) from: (1) receiving at any of Claimant's facilities, including but not limited to the facility located at 2728 Eugenia Avenue, Nashville, Tennessee (hereinafter, collectively "Claimant's facilities" or "the facilities"), any article of food, as defined by 21 U.S.C. § 321(f), in interstate commerce; and (2) introducing, delivering for introduction, or causing the introduction or delivery for introduction into interstate commerce of any article of food, unless and until Claimant and Principals:

  A. Establish and implement a written sanitation control program, which shall set out the details for sanitation control over the manufacturing and storage process for the facilities, and all food handling and storage equipment therein. The written sanitation control program shall be designed to ensure that the facilities and all equipment therein are maintained continuously in a sanitary condition to prevent conditions under which food may become contaminated with filth or whereby it may be rendered injurious to health or otherwise adulterated. The written sanitation control program shall be approved in writing by FDA approval prior to implementation. The Claimant and Principals shall assign responsibility for the implementation of the written sanitation control program to a person or persons who, by reason of education, training, and experience in sanitation work, is competent to maintain the facilities and all equipment therein in a sanitary condition. Such program shall, at a minimum include, but not be limited to, the provisions of subparagraphs (B)-(E) of this paragraph;

10

B.  Thoroughly clean, renovate, and render Claimant's facilities and all equipment therein sanitary and fit for use in receiving, manufacturing, preparing, packaging, holding, and distributing of articles of food, and have in place adequate procedures to ensure that the facilities and all equipment therein are maintained continuously in such condition;

C.  Remove from Claimant's facilities and all equipment therein birds, rodents, insects, other pests, the filth contributed by them, and microbial and physical contaminants, and adequately repair the floors, walls, doors, windows, and building in order to prevent rodents, insects, birds, or other pests from entering Claimant's facilities;

D.  Establish adequate methods and controls for manufacturing, preparing, packaging, holding, and distributing articles of food in Claimant's facilities that are designed to ensure that articles of food do not become contaminated by pests, or with filth, or microbial or physical contaminants;

E.  Establish a regularly scheduled employee training program (no less frequently than every six months) to include, at a minimum, training in sanitary food handling techniques and personal hygiene practices;

F.  Report in writing to FDA at the address provided in paragraph 31 that Claimant and Principals have fully complied with the terms of subparagraphs (A)-(E) of this paragraph; and

G.  Receive written notification from FDA (i) stating that Claimant and Principals appear to be in compliance with the Act, all applicable regulations, and this Decree, and (ii) authorizing Claimant and Principals to resume: (a) receiving at any of Claimant's facilities articles of food in interstate commerce, and (b) introducing, delivering for introduction,

11

Case 3:09-cv-01197   Document 13   Filed 01/29/2010   Page 11 of 20

Case 3:09-cv-01197   Document 14   Filed 02/03/10   Page 11 of 20 PageID #: 145

and causing the introduction or delivery for introduction into commerce of articles of food manufactured, prepared, packaged, held, or distributed at the facilities.

20. Within thirty (30) calendar days after FDA has notified the firm in writing pursuant to paragraph 19(G) that it may resume operations:

    A. Claimant and Principals shall retain at their expense, an independent person or persons (the "Auditor") to conduct audit inspections of Claimant's facilities not less than once every six months for a period of one year and not less than once every twelve months for a period of two years thereafter, for a total of three years of auditing. The Auditor shall be qualified by education, training, and experience to conduct such inspections, and shall be without personal or financial ties (other than the consulting agreement entered into by the parties) to any of the Principals, any Won Feng officer or employee or their immediate families. Claimant and Principals shall notify FDA of the Auditor's qualifications in writing as soon as the Auditor is retained.

    B. The audit shall evaluate whether Claimant and Principals are in compliance with the Act and applicable regulations, including, but not limited to, whether: (a) there is evidence of rodents, insects, birds, or other pests in the food storage areas; (b) whether Claimant and Principals have adequately closed off entryways for rodents, insects, birds, or other pests; (c) whether food is stored an appropriate distance from the walls to minimize infestations by rodents, insects, birds, or other pests; (d) whether employees follow proper sanitation procedures; and (e) whether there is evidence of overcrowding that would contribute to infestation by rodents, insects, birds, or other pests.

    C. At the conclusion of each audit inspection, the Auditor shall prepare a written audit report (the "Audit Report") identifying in detail any deviations from the Act and

12

applicable regulations ("Audit Report Observations"). As part of every Audit Report, except the first Audit Report, the Auditor shall assess the adequacy of corrective actions taken by the Claimant and Principals to correct all previous Audit Report Observations. The Audit Reports shall be delivered contemporaneously to the Claimant and Principals and FDA by courier service or overnight delivery service, no later than ten (10) calendar days after the date each audit inspection is completed. If an Audit Report contains any Audit Report Observations, FDA may, in its discretion, require that the three year auditing cycle begin anew. In addition, the Claimant and Principals shall maintain the complete Audit Reports and all of their underlying data in separate files at their facilities and shall make the Audit Reports and underlying data available to FDA upon request.

        D.      If an Audit Report contains any Audit Report Observations, the Claimant and Principals shall, within ten (10) calendar days of receipt of the Audit Report, correct those observations, unless FDA notifies them that a shorter time period is necessary. If, after receiving the Audit Report, the Claimant and Principals believe that correction of an Audit Report Observation will take longer than ten (10) calendar days, Claimant and Principals shall, within seven (7) calendar days of receipt of the Audit Report, propose to FDA a schedule for completing corrections ("Correction Schedule") and provide justification describing why the additional time is necessary. If FDA does not approve the Claimant and Principals' first proposed Correction Schedule, the Claimant and Principals shall either submit a revised Correction Schedule to FDA or correct the Audit Report Observations within three (3) business days of receiving notice of FDA's disapproval. If FDA does not approve the Claimant and Principals' revised Correction Schedule, the Claimant and Principals shall correct all Audit Report Observations within three (3) business days of receiving notice of FDA's disapproval,

13

unless FDA notifies them in writing that a longer time period is acceptable. The Claimant and Principals shall complete all corrections according to the approved Correction Schedule. Within thirty (30) calendar days of Claimant and Principals' receipt of an Audit Report, or within the time period provided in a Correction Schedule approved by FDA, the Auditor shall review the actions taken by the Claimant and Principals to correct the Audit Report Observations. Within ten (10) calendar days of the beginning of that review, the Auditor shall report in writing to FDA whether each of the Audit Report Observations has been corrected.

21. If, at any time after receiving the notice from FDA described in paragraph 19(G) above, the Claimant and Principals are advised in writing by FDA based on the results of an inspection, Audit Report, or other information, that conditions in any of Claimant's facilities render articles of food held therein adulterated within the meaning of 21 U.S.C. § 342(a)(4), the Claimant and Principals shall immediately upon such notification, discontinue receiving at that facility articles of food in interstate commerce, and discontinue introducing, delivering for introduction, and causing the introduction or delivery for introduction into commerce of articles of food that have been manufactured, prepared, packed, held, or distributed by the Claimant and Principals at the violative facility unless and until:

A. If FDA deems necessary, FDA inspects the violative facility in order to determine whether the facility, articles of food, and sanitation control program are in compliance with the Act, applicable regulations, and this Decree. The cost of all such inspections shall be borne by the Claimant and Principals at the rates specified in paragraph 18 above;

B. The Claimant and Principals provide FDA access to all records relating to the receiving, manufacturing, preparing, packing, holding, and distributing of articles of food, and to the sanitation of the facility, as FDA deems necessary; and

14

C.  FDA notifies the Claimant and Principals in writing that the Claimant and Principals appear to be in compliance with the Act, applicable regulations, and this Decree.

22.  Any notification issued by FDA pursuant to paragraph 21 shall be issued by FDA's New Orleans District Director, or a person acting in that capacity, and shall specify the failures giving rise to the notification. The Claimant and Principals shall, upon receipt of FDA's notification, immediately comply with the terms of paragraph 21 and shall notify FDA in writing of the corrective action(s) taken and, if appropriate, its schedule for completion.

23.  Upon entry of this Decree, Claimant, Principals and All Others who receive actual notice of this Decree, are permanently restrained and enjoined under the provisions of 21 U.S.C. § 332(a) from directly or indirectly doing or causing any act that:

A.  violates the Act, 21 U.S.C. § 331(a), by introducing, or delivering for introduction, into interstate commerce articles of food that are adulterated within the meaning of 21 U.S.C. § 342; or

B.  violates the Act, 21 U.S.C. § 331(k), by causing articles of food to be adulterated within the meaning of 21 U.S.C. § 342 while such articles are held for sale after shipment of one or more ingredients in interstate commerce.

24.  Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of any of Claimant's facilities, and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree. During such inspections, FDA representatives shall be permitted access to buildings, equipment, articles of food, containers, and packaging material(s) therein; to take photographs and make video recordings; to take samples of the Claimant and Principals' articles of food, containers, and packaging material(s); to examine and copy all records relating to the

15

receiving, manufacturing, preparing, packing, holding, and distributing of any and all articles of food, and to the sanitation of the facility. The inspections shall be permitted upon presenting a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

25. The Claimant and Principals shall abide by the decisions of FDA and its representatives, which shall be final. All decisions specified in this Decree shall be vested in FDA's discretion and, if necessary, shall be reviewed by this Court pursuant to the arbitrary and capricious standard as set forth in 5 U.S.C. § 706(2)(A). Review by a court of any FDA decision rendered pursuant to this Decree shall be conducted without any discovery and shall be based exclusively upon the written record that was before FDA at the time of the decision.

26. The Claimant and Principals shall provide a copy of this Decree, personally or, when necessary, by registered mail, within ten (10) calendar days from the date of entry of the Decree, to each of Won Feng's officers, directors, agents, representatives, employees, successors, assigns, and attorneys. The Claimant and Principals shall also post a copy of this Decree in the employee common areas at each of Claimant's facilities as long as it remains in effect. Within thirty five (35) calendar days of the date of entry of this Decree, the Claimant and Principals shall provide to FDA an affidavit of compliance, stating the facts and manner of compliance with the provisions of this paragraph.

27. Upon entry of this Decree, the Claimant and Principals shall report to FDA in writing the location of each facility at which they hold articles of food. If, at that time, the Claimant and Principals have no facilities other than the facility located at 2728 Eugenia Avenue, Nashville, Tennessee, they shall state that fact to FDA in writing. Following entry of

16

this Decree, Claimant and Principals shall immediately notify FDA in writing of the location of any new facility or facilities at which they hold food.

28. The Claimant and Principals shall notify FDA in writing at least thirty (30) calendar days before any subsequent change in location, ownership, or character of their business, such as reorganization, dissolution, assignment, or sale resulting in the emergence of a successor corporation or business entity, the creation or dissolution of subsidiaries, or any other change in the corporate or business structure of any newly-formed business entity (including any "doing business as" entity) over which the Claimant and Principals have any authority, or the sale or assignment of any business assets, such as buildings, equipment, or inventory, that may affect compliance with this Decree. The Claimant and Principals shall provide a copy of this Decree to any successor or assignee at least thirty (30) calendar days prior to the assignment or change in ownership. The Claimant and Principals shall furnish FDA with an affidavit of compliance with this paragraph at least thirty (30) calendar days prior to such assignment or change in ownership.

29. Should the Claimant and Principals fail to comply with any provision of the Act or its implementing regulations, or any provision of this Decree, then, on motion of the United States in this proceeding, the Claimant and Principals shall pay to the United States of America: five thousand dollars ($5,000) in liquidated damages for each day such violation continues; an additional sum of one thousand dollars ($1,000) per Principal in liquidated damages for each violation of the Act, its implementing regulations, and/or this Decree; and an additional sum in liquidated damages equal to twice the retail value of any shipments of adulterated food. The remedy in this paragraph shall be in addition to any other remedies available to the United States under this Decree or the law.

17

30. Should the United States bring, and prevail in, a contempt action to enforce the terms of this Decree, Claimant and Principals agree to pay all attorney's fees, travel expenses incurred by attorneys and witnesses, court costs, expert witness fees, and investigational and analytical expenses incurred in bringing such an action.

31. All notifications, correspondence, and communications to FDA required by the terms of this Decree shall be addressed to:

> District Director
> New Orleans District Office
> U.S. Food and Drug Administration
> Department of Health and Human Services
> 404 BNA Drive, Building 200, Suite 500
> Nashville, TN 37217-2565

32. A copy of all notifications, correspondence, and communications to FDA required by the terms of this Decree shall be addressed to:

> Debra Teufel Phillips
> Assistant United States Attorney
> 110 Ninth Avenue South
> Suite A-961
> Nashville, TN 37202

33. This Court retains jurisdiction to issue such further decrees and orders as may be necessary to the proper disposition of this proceeding.

SO ORDERED

Dated this 2nd day of February, 2010

_____
United States District Judge

We hereby consent to entry of the forgoing Consent Decree:

18

Claimants and Principals:

*[signature]*
TIAN G. ZHENG
owner
on behalf of Won Feng Trading, Inc.

*[signature]*
MARK REAGAN (BPR #017530)
260 Cumberland Bend
Nashville, TN 37228
Telephone: (615) 726-0900
Fascimile: (615) 256-3634
Counsel for Claimant [Won Feng]

*[signature]*
TIAN G. ZHENG
in his personal capacity

*[signature]*
XIN ZHENG
in his personal capacity

EDWARD M. YARBROUGH
United States Attorney

By: *[signature]*
DEBRA TEUFEL PHILLIPS *MBR 017530*
(BPR# 011706)
Assistant United States Attorney
110 Ninth Avenue, South
Suite A961
Nashville, TN 37203
Telephone: (615) 736-5151
Facsimile: (615) 736-5323

JESSICA R. GUNDER
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: (202) 532-4719

Of Counsel:

DAVID S. CADE
Acting General Counsel

RALPH S. TYLER
Chief Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel for Litigation

MICHAEL D. HELBING
Trial Attorney
U.S. Dept. of Health & Human Services
Office of General Counsel
5600 Fishers Lane, GCF-1
Rockville, Maryland 20857

Attorneys for the United States of America

20